UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                                                                   No. 3:23-cr-95-BJB

SAENTAY SHEARD

ORDER DENYING MOTION TO REVOKE PRETRIAL DETENTION

Saentay Sheard's challenge to the Magistrate Judge's pretrial detention order fails due to his lack of evidence that he isn't a danger to others.

**A. The Magistrate Judge's Detention Ruling.** A grand jury indicted Sheard for conspiring to and actually distributing methamphetamine. Indictment (DN 1) at 1, 6. After a hearing, Magistrate Judge Edwards ordered Sheard detained pending trial. Detention Order (DN 30). That order reflected Sheard's failure to introduce sufficient evidence rebutting the presumption of detention Congress assigned to controlled-substance offenses carrying a maximum sentence of 10 years or more. *Id.* (citing 18 U.S.C. § 3142(e)(3)). Specifically, Judge Edwards's order concluded that Sheard hadn't produced evidence that "conditions will reasonably assure the appearance of the defendant … and the safety of the community." *Id.* Although this finding covered both flight risk and safety, the order went on to distinguish the two. As an alternative basis for detention under 18 U.S.C. § 3142(g)—which comes into play if a defendant *has* provided evidence to rebut the presumption of detention—Judge Edwards concluded that the Government showed "by clear and convincing evidence" that no conditions of release "would reasonably assure the safety" of others and the community. Detention Order at 2. This second finding did *not* mention Sheard's flight risk. The order specified that the safety finding rested on Sheard's prior criminal history and the weight of the evidence against him. *Id.*

**B. This appeal.** Sheard has asked the Court to revoke the detention order and release him on bond. Motion to Revoke (DN 52) at 1 (citing 18 U.S.C. § 3145(b)). Section 3145(b) provides that a person "ordered detained by a magistrate judge … may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." This Court's review is de novo. *See United States v. Brown*, 601 F. Supp. 3d 196, 199 (W.D. Ky. 2022). As Sheard notes, defendants typically retain their liberty before conviction. Motion at 3. But Congress has directed that defendants in Sheard's position presumptively should be detained because they stand accused of "an offense for which a maximum term of

imprisonment of ten years or more is prescribed in the Controlled Substances Act." § 3142(e)(3)(A).[1]  A defendant may rebut this presumption by producing "evidence that he does not pose a danger to the community *or* a risk of flight." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010) (quoting *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)) (emphasis added). "[S]ection 3142(e)(3)'s presumption in favor of detention imposes only a burden of production on the defendant." *Id.* (internal quotation marks omitted). That burden is "not heavy," but requires "at least some evidence." *Id.* (internal quotation marks omitted). Nevertheless, Sheard's challenge fails because he has not offered evidence to rebut the presumption of detention.

Sheard's challenge to the Magistrate Judge's ruling focuses entirely on information found in the Probation Office's pretrial report (discussed without objection by both parties but not found on the docket). *See, e.g.*, Motion at 1; *United States v. Marcrum*, 953 F. Supp. 2d 877, 879 n.2 & 882 n.3 (W.D. Tenn. 2013) (relying in part on undocketed Probation Office pretrial report). In particular, Sheard highlights his long-term Louisville residency, his relationship with his wife and her two children, and his multiple sclerosis diagnosis and treatment. *Id.* at 1–2. But Sheard neither cites evidence in support of these arguments nor connects them to Congress's flight-risk or community-safety concerns; he merely lists them.

Viewed one way, Sheard's discussion of these community ties might undermine the Magistrate Judge's finding that he hasn't "introduced sufficient evidence to rebut the presumption" in favor of detention. As noted, this burden of production is slight: though he doesn't cite the record in his motion, Sheard arguably put forth "at least some evidence" at his detention hearing. *Stone*, 608 F.3d at 945. As recognized by the Government, which doesn't dispute these facts, *see* Response (DN 55) at 1, Sheard's long-term residency, family relationships, and need for medical treatment likely amount to "some evidence" that he isn't a flight risk.

The problem for Sheard is community danger, not flight risk. He doesn't appear to have "introduce[d] some evidence contrary to the presumed fact" of danger to others and the community "in order to rebut the presumption." *United States v. Rodriguez*, 950 F.2d 85, 88 (2d Cir. 1991). Rather than reading the Magistrate Judge's order to suggest Sheard introduced no evidence *at all*, a more sensible

---

[1] That statute also requires that "the judicial officer finds that there is probable cause to believe that the person committed" the relevant offense. § 3142(e)(3). But following Sheard's indictment that requirement is immaterial because a "grand jury indictment, by itself, establishes probable cause to believe that a defendant committed the crime with which he is charged." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). Sheard doesn't contest probable cause.

understanding is that Judge Edwards found he "has not introduced sufficient evidence" regarding *danger* to the community and others "to rebut the presumption" of detention established by Congress. Viewed that way, the Magistrate Judge's determination is correct; none of the information discussed in his motion addresses danger. This alone is enough to reject the motion to revoke: "An unrebutted presumption requires detention." *United States v. Cornish*, 449 F. Supp. 3d 681, 683 (E.D. Ky. 2020). And Sheard hasn't rebutted "the presumed fact," recognized by Congress, *Stone*, 608 F.3d at 945, "that no condition or combination of conditions" would "reasonably assure" the community's safety, *see* § 3142(e)(3).

Even considered under the rubric of dangerousness, these facts wouldn't rebut the presumption of detention. *Stone*, 608 F.3d at 946 (factual proof may not take a case "outside the congressional paradigm" that presumes danger and detention). First, his medical issues and family relationships do little to allay concerns regarding his danger to the community. He apparently suffered from the same conditions and maintained the same ties during the period when he stands accused of serious and dangerous drug offenses. Motion at 4 ("Sheard … was diagnosed with multiple scleros[i]s in 2014, married his wife in 2016," and has lived in the same home for ten years); Indictment at 1, 6 (alleging conduct from January 2021 through August 2023). Next, Sheard's invocation of conditions of release available in all cases doesn't explain why they'd be effective in his case, contrary to the Magistrate Judge's findings or Congress's presumption. And finally, even though his wife has offered to serve as a third-party custodian, Sheard offers no explanation regarding her ability to supervise him while she works outside the home—particularly since they were living together for the duration of the alleged conspiracy. *See, e.g.*, *United States v. Roscoe*, 455 F. Supp. 3d 449, 459 (E.D. Mich. 2020) (girlfriend who offered to be third-party custodian did not assure safety of community because defendant already lived with her and their children during alleged criminal activity); *United States v. May*, No. 1:20-cr-220, 2020 WL 2464876, at *1–2 (N.D. Ohio May 13, 2020) (conditions such as marital status that "existed at the time Defendant committed the alleged acts" did not rebut presumption of detention). So the record before the Court doesn't undermine Judge Edwards's findings or Congress's presumption of danger.[2]

---

[2] As an alternative basis for detention under § 3142(g), Judge Edwards concluded that the Government showed by clear and convincing evidence that no conditions of release would reasonably assure the safety of others and the community. Detention Order at 2. More specifically, she held that Sheard presented a danger to the community based on the weight of the evidence against him and his prior criminal history. *Id.* Given the sparseness of the record, however, and the as-yet-unsupported arguments raised in Sheard's motion, whether the Government carried its burden of persuasion remains unclear; it relied almost entirely on the nature of the charged offense and Sheard's dated criminal history—not the more current considerations of health and family mentioned (but not supported) in Sheard's

3

  This doesn't necessarily mean that other evidence or arguments wouldn't fare better. Since the filing of this motion, Sheard's attorney has withdrawn after Sheard complained that the lawyer refused to file a motion to revoke detention (which the lawyer had in fact filed). It is possible that new counsel, after conferring with Sheard, might offer a different basis for revisiting Judge Edwards' decision. But a de novo review of the record as it currently stands leads the Court to agree with Judge Edwards that no "condition or combination of conditions … will reasonably assure" the safety of other people and the community if Sheard were released. Under the rules set down by Congress in § 3142 and the record in this case, the Court denies without prejudice Sheard's motion to revoke his pretrial detention.[3]

Benjamin Beaton, District Judge
United States District Court

December 6, 2023

---

motion. The Court needn't reach this issue, however, because Sheard has not met his threshold burden under § 3142(e).

[3] Should Sheard's new counsel, who appeared after the filing of this motion, decide to submit a renewed motion to revoke, the motion should address the four § 3142(g) factors and present evidence concerning the Magistrate Judge's dangerousness determination.